UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TRACEY CAYLOR, Individually and on behalf of others similarly situated,<br>2171 Plymouth Ridge Rd.<br>Ashtabula, Ohio 44004<br><br>ABIGAIL LONG, Individually and on behalf of others similarly situated,<br>5630 Dunbar Ave.<br>Ashtabula, Ohio 44004<br><br>SONNI BERDINE, Individually and on behalf of others similarly situated,<br>P.O. Box 1703<br>167 Elm St.<br>Andover, Ohio 44003<br><br>WENDY CARUSO, Individually and on behalf of others similarly situated,<br>5730 Graham Rd.<br>Pierpont, Ohio 44082<br><br>AMARA KANTOLA, Individually and on behalf of others similarly situated,<br>1991 State Rt. 193<br>Dorset, Ohio 44032<br><br>LEORA KOTNIK, Individually and on behalf of others similarly situated,<br>5655 Graham Rd.<br>Pierpont, Ohio 44082<br><br>MICHELLE LOUDERMILK, Individually and on behalf of others similarly situated,<br>7516 Center Rd.<br>Ashtabula, Ohio 44004<br><br>Plaintiffs,<br><br>v. | **CLASS ACTION COMPLAINT WITH JURY DEMAND** |

ASHTABULA COUNTY dba
ASHTABULA NURSING &
REHABILITATION CENTER
5740 Dibble Road
Kingsville, Ohio 44048

    Defendant.

Now come the abovementioned Plaintiffs ("Plaintiffs"), individually and as putative representatives for a collective action under Section 16 of the Fair Labor Standards Act, 29 U.S.C. § 216, and for a class action under Fed. R. Civ. P. 23. Plaintiffs state and allege against the above-named Defendant as follows:

## INTRODUCTION

This is a "collective action" instituted by Plaintiffs against Defendant, Ashtabula County, dba Ashtabula County Nursing & Rehabilitation Center (hereinafter "Defendant") as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiffs, the full amount of earned wages, as well as overtime compensation at a rate of one and one-half times their regular pay rates for hours they worked in excess of eighty (80) hours for every two (2) week period and eight (8) hours per work day, or in the alternative, one and one-half times their regular rates of pay for the hours they worked over forty (40) hours each work week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act, R.C. §4111.03.

## JURISDICTION & VENUE

1. Jurisdiction in this case is based on 28 U.S.C. §1331 and 29 U.S.C. §201, *et seq*. Jurisdiction over the state law claim is pursuant to 28 U.S.C. §1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant: (a) is authorized to conduct business in Ohio, and has intentionally availed itself of the laws of this district; (b) does substantial business in this district; and (c) is subject to personal jurisdiction in this district.

## PARTIES

3. At all times relevant herein, Plaintiffs were citizens of the United States and residents of Ashtabula County.

4. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. §203(e) and ORC §4111.03(D)(3).

5. At all times relevant herein, Defendant maintained its principal place of business in Ashtabula County, Ohio.

6. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. §203(d) and ORC §4111.03(D)(2).

7. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. §203(r).

8. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

9. At all times relevant herein, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206-207.

10. Plaintiffs each bring this action individually and as representatives for a class action for all persons who at any point in the last 3 years (a) worked for Defendants; (b) were treated by Defendants as non-exempt employees; and (c) were not paid in full for regular hours and for overtime hours worked over eight (8) hours per day and eighty (80) hours per week, or in the alternative over forty (40) hours per week (hereinafter said persons are referred to as "putative class members").

11. Written consents to join this action as to Count I as and when executed by other individual Plaintiffs will be filed pursuant to 29 U.S.C. §216(b).

## FACTS COMMON TO ALL CLAIMS

12. Defendant is a state of the art facility offering long term care, skilled nursing and therapy services.

13. Plaintiff Tracey Caylor has been employed by Defendant since March of 2016.

14. Plaintiff Abigail Long has been employed by Defendant since May of 2013.

15. Plaintiff Sonni Berdine has been employed by Defendant since June of 2018.

16. Plaintiff Wendy Caruso was employed by Defendant from May of 2000 until October of 2018.

17. Plaintiff Amara Kantola was employed by Defendant from April of 2013 until July of 2019.

18. Plaintiff Leora Kotnik was employed by Defendant from July of 1998 until February of 2019.

19. Plaintiff Michelle Loudermilk has been employed by Defendant since October of 2016.

20. Plaintiffs and the putative class members worked for Defendant as non-exempt employees.

21. Plaintiffs and the putative class members were employed by Defendant as non-exempt employees under the Fair Labor Standards Act (hereinafter "FLSA").

22. Plaintiffs and the putative class members were at all times required by Defendant to "punch in" and "punch out", so Defendant could keep track of hours worked by Plaintiffs and putative class members.

23. Plaintiffs and the putative class members were paid an hourly wage.

24. When compensating its employees, Defendant consistently used a rounding system to calculate the hours worked by employees.

25. Defendant consistently "rounded down" the number of hours worked by Plaintiffs and the putative class members and thus, paid Plaintiffs and putative class members less than the number of hours actually worked.

26. As a result of Defendant's rounding system, Plaintiffs and putative class members were not paid their full wages for all hours worked in a given week.

27. Chapter 63 of the Ohio County Commissioners Handbook, Section 63.09 provides that employees are to be paid overtime at the time and a half rate for hours worked over forty (40) hours in seven (7) days and health care employees in a county hospital or residential health care facility are to be paid under the 8-80 method.

28. Aside from not receiving their full pay for regular hours worked, Plaintiffs and the putative class members also never received full overtime pay for hours they worked over eighty (80) hours per two (2) week period and eight (8) hours per day, or in the alternative forty (40) hours per week.

29. Per Chapter 63 of the Ohio County Commissioners Handbook, Section 63.09, provides that Defendant may compensate non-exempt employees who work overtime with compensatory time off.

30. Per the handbook and federal and state law, Defendant may not adopt a "use it or lose it" rule when it comes to compensatory time off.

31. Defendant has failed to keep accurate records with respect to compensatory time off earned by Plaintiffs and the putative class members.

32. Contrary to the handbook and federal and state law, Defendant created and enforced a policy that Plaintiffs and putative class members would lose any compensatory time not used within a six (6) month period.

33. Per the handbook and federal and state law, non-discretionary bonuses, shift differentials and retroactive pay must be counted in the regular rate for calculating overtime pay.

34. Plaintiffs and the putative class members regularly received non-discretionary bonuses, shift differentials and retroactive pay.

35. Per the handbook and federal and state law, the non-discretionary bonuses, shift differentials and retroactive pay earned by Plaintiffs and the putative class members were required to be taken into account in calculating the hourly rate for overtime.

36. Defendant failed to properly calculate the overtime rate for Plaintiffs and the putative class members.

37. Defendant failed to make, keep and preserve accurate records of the work performed by Plaintiffs and the putative class members.

38. Defendant knowingly and willfully engaged in the above mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

40. Plaintiffs bring this action not only for themselves, but as representatives of a collective action on behalf of all persons employed with Defendant at any time during the three (3) years prior to the filing of Plaintiffs' Complaint and who meet the definition of the putative class members set forth above.[1]

41. Plaintiffs are similarly situated to those persons and will prosecute this action vigorously on their behalf.

42. Plaintiffs, through counsel, will file a request under 29 U.S.C. §216 for this court to notify all of those persons to allow them to opt-in to this proceeding to be subject to this Court's decision, or that of the fact finder, on the right to the wages and overtime as described above.

43. The amount of regular and overtime hours worked by Plaintiffs and the putative class members are reflected on their timesheets and pay records.

44. Plaintiffs are unable to state at this time the exact size of any potential class; however, upon information and belief, Plaintiffs believe that the class consists of at least fifty (50) persons.

45. This action is maintainable as an "opt in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

---

[1] The Consent forms of the named Plaintiffs are attached hereto.

## CLASS ACTION ALLEGATIONS

46. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiffs bring this action not only for themselves, but as representatives for a class action, pursuant to Fed. R. Civ. P. 23, on behalf of all persons employed with Defendant at any time during the two (2) years prior to the filing of Plaintiffs' Complaint and who meet the definition of the putative class members set forth above.

48. The class numbers at least fifty (50) persons (<u>the exact number will be in Defendant's records</u>) and is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

49. The injuries and damages to the class present questions of law and fact that are common to each class member within the class, and that are common to the class as a whole.

50. Defendant has engaged in the same conduct regarding all of the other putative members of the class asserted in this suit.

51. The claims, defenses, and injuries of the representative Plaintiffs are typical of the claims, defenses, and injuries of the class, and the claims, defenses, and injuries of the class members within the class are typical of those of the entire class.

52. Plaintiffs will fully and adequately protect and represent the class, and all of its putative class members.

53. The identity of all members of the class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendant and others.

54. The prosecution of separate actions by each member of the class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of each class that would establish incompatible standards of conduct for Defendant.

55. The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of each class which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect those interests. Further, the maintenance of each class as a class action is the superior means of disposing of the common questions which predominate herein.

### FIRST CLAIM FOR RELIEF

**Violation of Fair Labor Standards Act ("FLSA")**
**(Collective Action)**

56. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

57. Defendant is an "employer" covered by the minimum wage and overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

58. As employees for Defendant, Plaintiffs and the putative class members work or worked hours for which they were not paid.

59. As employees for Defendant, Plaintiffs and the putative class members work or worked in excess of the maximum weekly hours permitted under the FLSA but were not paid overtime for those excess hours.

60. Defendant failed to keep accurate records of the compensatory time-off earned by Plaintiffs and other putative class members.

61. Defendant did not permit Plaintiffs and the other putative class members to use compensatory time after the expiration of six (6) months.

62. Defendant failed to properly calculate the overtime rate of Plaintiffs and other putative class members by failing to include non-discretionary bonuses, shift differentials and retroactive pay.

63. Plaintiffs and the putative class members do not qualify for any exemption from the minimum wage and overtime obligations imposed by the FLSA.

64. Throughout Plaintiffs' and the putative class members' employment, Defendant has known that Plaintiffs and the putative class members were employees and have known that Plaintiffs and the putative class members are not exempt from the wage and overtime obligations imposed by the FLSA.

65. Throughout Plaintiffs' and the putative class members' employment, Defendant has known that it is required to pay Plaintiffs and the putative class members a minimum wage for all hours worked.

66. Defendant has also known that it is required to pay overtime wages at the rate of one and one-half times the hourly rate Plaintiffs and the putative class members for hours they worked over eighty (80) hours per two (2) weeks and eight (8) hours per day, or in the alternative forty (40) hours per week.

67. In spite of such knowledge, Defendant has willfully withheld and failed to pay the wages and overtime compensation to which Plaintiffs are entitled.

68. Pursuant to the FLSA, Plaintiffs and the putative class members are entitled to at least minimum wage for all hours worked and for unpaid overtime at a rate of one and one-half times their hourly wage.

69. Because the Defendant's failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiffs and the putative class members are entitled to these wages dating back three (3) years.

70. The identity of all putative class members is unknown at this time, but is known to Defendant, and is set forth in Defendant's records.

71. Plaintiffs are entitled to review these records and immediately identify the other putative class members who have a right to join this collective action.

72. The exact amount of compensation, including overtime compensation that Defendant has failed to pay the Plaintiffs and the putative class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

73. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records.

74. Plaintiffs and the putative class members are entitled to review Defendant's records of hours worked to determine the exact amount of overtime and minimum wages owed by Defendant.

75. Absent Defendant keeping these records as required by law, Plaintiffs and the putative class members are entitled to submit their information about the number of hours worked.

76. Defendant's failure to pay Plaintiffs and the putative class members compensation in accordance with the minimum wage provisions and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of the FLSA.

77. Therefore, pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

78. Plaintiffs have been required to file this action as the result of Defendant's actions in failing to pay them proper compensation.

79. As such, Plaintiffs are entitled to attorneys' fees and costs incurred pursuant to 28 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### Overtime violations under Ohio law
### (Class Action)

80. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

81. Defendant is an employer covered by the overtime requirements set forth in Ohio's Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111.

82. As employees for Defendant, Plaintiffs and the putative class members work or worked in excess of the maximum weekly hours permitted under O.R.C. 4111.03, but they were not paid their full overtime wages for this time spent working.

83. Pursuant to the Ohio Revised Code, Plaintiffs and the putative class members are entitled to overtime at a rate of one and one-half times their hourly wage for all hours worked over eighty (80) hours per two week period and eight (8) hours per day during that period, or in the alternative one and one-half times their hourly wage for all hours worked over forty (40) hours per week.

84. Plaintiffs and the putative class members do not qualify for any exemption from the wage and overtime obligations imposed by the Ohio Revised Code.

85. Pursuant to the Ohio Revised Code, Plaintiffs and the putative class members are entitled to unpaid overtime wages dating back two years.

86. The exact amount of compensation, including overtime compensation that Defendant has failed to pay the Plaintiffs and the putative class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

87. The Ohio Revised Code requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records.

88. Plaintiffs and the putative class members are entitled to review their records of hours worked to determine the exact amount of overtime wages owed by Defendant.

89. Absent Defendant keeping these records as required by law, Plaintiffs are entitled to submit their information about the number of hours worked.

90. Pursuant to the Ohio Revised Code, Plaintiffs are entitled to attorneys' fees and costs incurred.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, and all those similarly situated, request that this Honorable Court hold Defendant liable and:

A. Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. 216(b), to all class members that this action is pending and that they have the right to "opt-in" to this litigation.

C. Award Plaintiffs and the class they represent their unpaid wages, including overtime wages;

D. Award Plaintiffs and the class they represent liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the class;

E. Award Plaintiffs and the class they represent pre- and post-judgment interest at the statutory rate;

F. Enjoin Defendant from engaging in future violations of the state and federal wage and hour laws;

G. Award Plaintiffs and the class they represent reasonable costs and attorneys' fees necessarily incurred herein; and

H. Award Plaintiffs and the class they represent such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Kristen M. Kraus*
Kristen M. Kraus – O.R.N. 0073899
Richard N. Selby II – O.R.N. 0059996
Jo A. Tatarko – O.R.N. 0082062
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, OH 44077
Telephone: 440-352-3391
Facsimile: 440-352-3469
kmkraus@dworkenlaw.com

***Attorneys for Plaintiffs***

## JURY DEMAND

Now come Plaintiffs, by and through their counsel, and demand that this case be tried before a jury of the maximum number allowed by law.

*/s/ Kristen M. Kraus*
Kristen M. Kraus – O.R.N. 0073899