IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRACEY CAYLOR, et al. | ) | CASE NO. 1:19-cv-02628 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | **ANSWER OF DEFENDANT** |
| ASHTABULA COUNTY dba | ) | **ASHTABULA COUNTY DBA** |
| ASHTABULA NURSING & | ) | **ASHTABULA NURSING &** |
| REHABILITATION CENTER | ) | **REHABILITATION CENTER TO** |
| | ) | **PLAINTIFFS' COMPLAINT** |
| Defendant. | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |
| | ) | |

Now comes Defendant Ashtabula County dba Ashtabula Nursing & Rehabilitation Center, and for its Answer to Plaintiffs' Complaint states the following:

## INTRODUCTION

1. To the extent the Introduction paragraph to the Complaint requires response, Defendant denies the allegations contained in the Introduction.

## JURISDICTION AND VENUE

2. Admits the allegations contained in Paragraph 1 of the Complaint.

3. Admits that venue is proper in this Court as alleged in Paragraph 2 of the Complaint.

## PARTIES

4. Denies for want of knowledge the allegations contained in Paragraph 3 of the Complaint.

5. Admits the allegations contained in Paragraphs 4 through 8, inclusive, of the Complaint.

1

6. Denies for want of knowledge the allegations contained in Paragraph 9 of the Complaint.

7. Admits that Plaintiffs are bringing this suit but denies that any employees were not properly classified or otherwise paid in full and deny the remaining allegations contained in Paragraph 10 of the Complaint.

8. Denies for want of knowledge the allegations contained in Paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS

9. Admits the allegations contained in Paragraph 12 of the Complaint.

10. Admits the allegations contained in Paragraphs 13 through 19, inclusive, of the Complaint.

11. Denies the allegations contained in Paragraphs 20 and 21 of the Complaint.

12. Admits that Plaintiffs were required to "punch in" and "punch out" and that they were paid an hourly wage, but denies the remaining allegations contained in Paragraphs 22 and 23 of the Complaint.

13. Admits the allegations contained in Paragraph 24 of the Complaint.

14. Denies the allegations contained in Paragraphs 25 and 26 of the Complaint.

15. Admits the Ohio County Commissioners Handbook provides that non-exempt employees are to be paid overtime at the time and a half rate for hours worked over 40 hours in 7 days, but denies the remaining allegations contained in Paragraph 27 of the Complaint.

16. Denies the allegations contained in Paragraph 28 of the Complaint.

17. Admits the allegations contained in Paragraph 29 of the Complaint.

18. Denies the allegations contained in Paragraphs 30 through 32, inclusive, of the Complaint.

19. Admits that the handbook and the law speak for themselves, but denies the remaining allegations contained in Paragraph 33 of the Complaint.

20. Denies the allegations contained in Paragraphs 34 through 38, inclusive, of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

21. Reasserts the admissions and denials previously set forth herein as response to Paragraph 39 of the Complaint.

22. Admits that Plaintiffs are seeking certification as a collective action, but denies the remaining allegations contained in Paragraphs 40 through 45, inclusive, of the Complaint.

## CLASS ACTION ALLEGATIONS

23. Reasserts the admissions and denials previously set forth herein as response to Paragraph 46 of the Complaint.

24. Admits that Plaintiffs seek to bring this action as a class action, but denies the remaining allegations contained in Paragraphs 47 through 55, inclusive, of the Complaint.

## FIRST CLAIM FOR RELIEF

25. Reasserts the admissions and denials previously set forth herein as response to Paragraph 56 of the Complaint.

26. Admits the allegations contained in Paragraph 57 of the Complaint.

27. Denies the allegations contained in Paragraphs 58 through 72, inclusive, of the Complaint.

28. Admits that the FLSA requires employers to make, keep, and preserve the records described for non-exempt employees, but denies the remaining allegations contained in Paragraph 73 of the Complaint.

29. Denies the allegations contained in Paragraphs 74 through 79, inclusive, of the Complaint.

## SECOND CLAIM FOR RELIEF

30. Reasserts the admissions and denials previously set forth herein as response to Paragraph 80 of the Complaint.

31. Admits the allegations contained in Paragraph 81 of the Complaint.

32. Denies the allegations contained in Paragraph 82 through 86, inclusive, of the Complaint.

33. Admits the Ohio Revised Code requires employers to make, keep, and preserve the records descried for non-exempt employees, but denies the remaining allegations contained in Paragraph 87 of the Complaint.

34. Denies the allegations contained in Paragraphs 88 through 90, inclusive, of the Complaint.

35. Denies that Plaintiffs are entitled to the relief requested in their Prayer for Relief.

36. Denies each and every allegation contained in the Complaint save and except those expressly admitted herein to be true.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted on behalf of themselves or any similarly situated putative class members.

2. Plaintiffs are properly classified as exempt employees under the Fair Labor Standards Act and the Ohio Revised Code.

3. Plaintiffs have failed to plead a *prima facie* case arising under the Fair Labor Standards Act.

4. To the extent Plaintiffs' Complaint seeks recovery of back wages allegedly due for work performed more than two years prior to its filing, the claims are barred by the applicable statute of limitations. Further, the applicability of the statutes of limitations require individualized determinations of each putative member of the collective action thereby precluding collective action status.

5. Plaintiffs fail to state a claim upon which certification of a putative class action can be granted under the FLSA.

6. Individualized evidence relevant to each member of the putative class of plaintiffs cannot be presented to a judge or jury with any measure of efficiency.

7. The members of the putative class of plaintiffs are not sufficiently similar to justify collective litigation of their claims.

8. At all relevant times, Defendant maintained accurate records of all hours worked by its employees as required by the FLSA.

9. At all relevant times, Defendant complied with all applicable overtime pay requirements of the FLSA.

10. Plaintiffs fail to state a claim upon which he can be awarded recovery of any alleged, unpaid straight time wages due.

11. Any act or omission attributed to Defendant in this case was in good faith, and Defendant had reasonable grounds for believing such acts or omissions did not violate the FLSA.

12. Plaintiffs failed to mitigate damages.

13. Plaintiffs' claims are barred by the doctrines of waiver, estoppel or laches.

14. Plaintiffs' claims are barred by the doctrine of accord and/or satisfaction.

15. Plaintiffs' claims are barred to the extent they waived their rights to recovery.

16. The Complaint and each cause of action therein, is barred – or the damages flowing therefrom are reduced – because Plaintiffs failed to notify their employer of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendant from taking any action to remedy such alleged violations.

17. Plaintiffs' claims are barred, in whole or in part, by their lack of standing to pursue claims on behalf of anyone other than themselves.

18. Defendant did not show reckless disregard for whether its conduct was prohibited by the FLSA.

19. Defendant is entitled to setoffs, recoupments, and other offsets permitted by law or in equity, relating to amounts overpaid to Plaintiffs in the course of their employment.

20. Plaintiffs have not named the proper party.

21. Defendant reserves the right to assert additional defenses as such additional defenses should become available during the course of discovery herein.

WHEREFORE, having fully answered, Defendant prays for judgment in its favor together with the costs, expenses, disbursements, and legal fees incurred in defense of this action.

Respectfully submitted,

*/s/ Kenneth E. Smith*
TIMOTHY T. REID (0007272)
AMY L. KULLIK (0069663)
KENNETH E. SMITH (0090761)
Mansour Gavin LPA
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, OH 44114
P: (216) 523-1500
F: (216) 523-1705
treid@mggmlpa.com
akullik@mggmlpa.com
ksmith@mggmlpa.com

*Counsel for Defendant*
*Ashtabula County Nursing & Rehabilitation Center*

# JURY DEMAND

Defendant Ashtabula County dba Ashtabula Nursing & Rehabilitation Center hereby demands a trial by jury on all issues so triable.

*/s/ Kenneth E. Smith*
TIMOTHY T. REID (0007272)
AMY L. KULLIK (0069663)
KENNETH E. SMITH (0090761)

*Counsel for Defendant*
*Ashtabula County Nursing & Rehabilitation Center*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Answer of Defendant Ashtabula County dba Ashtabula Nursing & Rehabilitation Center to Plaintiff's Complaint* has been filed electronically with the Court on this 16th day of January 2020.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.

                                                */s/ Kenneth E. Smith*
                                                TIMOTHY T. REID (0007272)
                                                AMY L. KULLIK (0069663)
                                                KENNETH E. SMITH (0090761)

                                                *Counsel for Defendant*
                                                *Ashtabula County Nursing & Rehabilitation Center*