UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
NORTHERN DIVISION

| | |
|---|---|
| TRACEY CAYLOR, ET AL<br><br>    Plaintiff,<br><br>vs.<br><br>ASHTABULA COUNTY<br><br>    Defendant. | CASE NO. 1:19-cv-2628JRA<br><br>JUDGE JOHN R. ADAMS<br><br>**REPORT OF PARTIES PLANNING MEETING UNDER FED. R. CIV. P. 26 (f) AND LR 16.3(b)(3)** |

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16:3 (b)(3), a meeting was held on April 21, 2020 and was attended by:

**Kristen M. Kraus counsel for Plaintiffs**

**Kenneth Smith counsel for Defendant Ashtabula County**

**Amy Kulik counsel for Defendant Ashtabula County**

2. The parties:

___ Have not been required to make initial disclosures.

_X_ Have exchanged the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) and the Court's prior order.

3. The parties recommend the following track:

| | | | |
|---|---|---|---|
| ___ | Expedited | _X_ | **Standard** |
| ___ | Administrative | ___ | Complex |
| ___ | Mass Tort | | |

4. This case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

| | |
|---|---|
| ___ | Early Neutral Evaluation |
| _X_ | Mediation |
| ___ | Arbitration |

   _____ Summary Jury Trial

   _____ Summary Bench Trial

   _____

5. The parties \_\_\_do/ **X do not consent** to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636©.

6. Recommended Discovery Plan:

(a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery.

**Plaintiffs intend to seek discovery related to the merits and certification of this case as a collective and class action. Such discovery will include, but is not limited to, discovery focused on the following areas: duties and responsibilities of the putative class members, wages of the putative class members, hours worked by the putative class members, number of putative class members, and Defendants' affirmative defenses. Plaintiff reserves the right to utilize interrogatories, requests for production of documents, and requests for admissions. Moreover, Plaintiffs intend on deposing Defendants and its representatives pursuant to Fed. R. Civ. P. 30(b)(6), and any other relevant witnesses identified by Defendants in discovery.**

**Defendants will seek discovery on all topics related to Plaintiffs' substantive claims, including claims for class action and/or collective action certification, in addition to Plaintiffs' work duties, compensation, communications with Defendant officials and other purported class members, and any other lawfully discoverable information. Defendant reserves the right to use Interrogatories, Request for Production of Documents and Request for Admissions, as well as depositions of Plaintiffs and any expert witnesses retained by them.**

(b) Discovery cut-off date: **With respect to Conditional Certification discovery, the parties anticipate same being completed on or before September 15, 2020. (The parties recommend this cut-off date for initial discovery. There may be the need for additional discovery in the event a class is certified in this case. The parties contemplate advising the Court on this matter at the recommended date for Status Hearing referenced below.)**

7. Recommended dispositive motion date: **The parties propose to file their Motion for Conditional Certification of the Collective Action and Motion for Class Certification on or before October 15, 2020 with responses as permitted by Local Rule. The parties are proposing dispositive deadlines on the remaining issues to be filed on or before January 29, 2021**.

8. Recommended cut-off for amending the pleadings and/or adding additional parties: **May 25, 2020.**

9. Recommended date for Status Hearing: **Week of September 21, 2020**

10. Settlement discussions: Plaintiffs' counsel sent Defendant's counsel a settlement demand on April 28, 2020 per the Court's Order. Plaintiffs' demand included:

(a) Payment of all unpaid wages and overtime wages for each Plaintiff and the putative class members for the period of three (3) years prior to the filing of the within lawsuit.

(b) Payment of all attorneys' fees and costs as well as liquidated damages.

(c) All disciplinary action taken against Plaintiff Caylor be removed from her permanent record.

(d) Defendant changes its practice of "rounding down" hours worked by Plaintiffs and putative class members as well as change Defendant's practice of "use it or lose it" with respect to comp time and allow Plaintiffs and putative class members to maintain a bank of hours that does not expire.

On May 5, 2020, per the Court's Order, Defendant's counsel responded to Plaintiffs' demand. Defendant's counsel provides legal support for its position that Plaintiffs were exempt

employees and therefore, there has been no violation of the FLSA or Ohio wage law. Notwithstanding the foregoing, Defendant has expressed a willingness to explore reasonable, early resolution.

11. Other matters for the attention of the Court:

**None at this time.**

                 /s/ Kristen M. Kraus
                 Kristen M. Kraus – 0073899 O.R.N.
                 Richard N. Selby, II – 0059996 O.R.N.
                 Jo Tatarko – 0082062 O.R.N.

                 *Counsel for Plaintiffs*

                 /s/ Kenneth Smith (per email consent)
                 Kenneth Smith – 0090761 O.R.N.
                 Amy Kulik – 0069663 O.R.N.
                 Tim Reid – 0007272 O.R.N.
                 *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing *Report of Parties' Planning Meeting Under Fed. R. Civ. 26(f) and L.R. 16.3(b)* was filed with the Court electronically this  6th  day of May, 2020.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                 Kristen M. Kraus – 0073899 O.R.N.
                 One of the Attorneys for Plaintiffs