# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TRACEY CAYLOR, *et al.*, | Case No. 1:19-cv-02628 |
| Plaintiffs, | Judge J. Philip Calabrese |
| v. | |
| ASHTABULA COUNTY d/b/a ASHTABULA COUNTY NURSING & REHABILITATION CENTER, | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff Tracey Caylor served as a nursing unit manager and, later, a clinical supervisor at the Ashtabula County Nursing & Rehabilitation Center, a long-term care and skilled nursing facility Ashtabula County operates. In 2019, Ms. Caylor and six other named Plaintiffs sued under the Fair Labor Standards Act and comparable provisions of State law, alleging that they were entitled to overtime compensation for weeks in which they worked more than forty hours. Through an early motion for summary judgment with an appropriately limited record, Defendant Ashtabula County contends that Ms. Caylor and other employees like her are exempt from overtime requirements because they were administrative or professional employees under the governing law. Further, Defendant argues that, as a public employer, principles of public accountability excuse any violation of the overtime laws here. For the reasons more fully explained below, the Court **DENIES** Defendant's motion for summary judgment that Plaintiffs' claims fail as a matter of law.

# STATEMENT OF FACTS

At this stage of the proceedings, the record establishes the following facts, which, in the current procedural posture, the Court construes in the light most favorable to Plaintiffs as the non-movants.

Ashtabula County employed Plaintiffs at a nursing home referred to as the Ashtabula County Nursing & Rehabilitation Center. (ECF No. 12, ¶ 3, PageID #94; ECF No. 14-1, ¶ 5, PageID #134–35.) Tracey Caylor was the RN clinical supervisor and, later, nursing unit manager. (ECF No. 12, ¶¶ 3, 11 & 13, PageID # 94–95; ECF No. 14-1, ¶¶ 5 & 13, PageID #134–35.) The other named Plaintiffs were nursing unit managers, while one Plaintiff (Amara Kantola) served as the director of admissions. (ECF No. 14-1, ¶ 5, PageID #134–35.)

There is no dispute that Plaintiffs' job duties were administrative or professional in nature to some degree. (ECF No. 14-1, ¶¶ 6 & 14, PageID #135; ECF No. 15, PageID #145.) Similarly, the parties agree that Plaintiffs were compensated on an hourly basis. (ECF No. 12, ¶¶ 8 & 15, PageID #94–95; ECF No. 14-1, ¶¶ 7 & 15, PageID #135.) When Defendant was short-staffed, Plaintiffs were assigned to work as floor nurses, an hourly position. (ECF No. 12, ¶ 18, PageID #95; ECF No. 14-1, ¶ 10, PageID #135.) Where the parties disagree is whether Defendant's compensation policies satisfy the requirements for an exemption from the salary requirements of the governing law.

According to Plaintiffs, their weekly compensation was based on the hours they worked each week. (ECF No. 12, ¶¶ 21–23. PageID #95.) For example, if Plaintiffs

2

worked less than 40 hours in a given week, they were required to use their accrued leave to receive compensation for a full 40 hours. (*Id.*) Plaintiffs claim this practice violates the FLSA and Ohio law.

Defendant counters that RN clinical supervisors were guaranteed 36.75 hours per week, while nursing unit managers and the director of admissions were guaranteed 40 hours per week. (ECF No. 14-1, ¶¶ 7 & 15–18, Page ID #135–36.) For this reason, Defendant maintains that Plaintiffs satisfy the statutory requirements so long as they work the guaranteed hours in their weekly schedules.

## STATEMENT OF THE CASE

Plaintiffs bring a claim for violations of the FLSA in count one of their complaint and for violations of Ohio's Minimum Fair Wage Standards Act in count two. (ECF No. 1.) At the initial case management conference, the Court requested memoranda from the parties on the legal issues involved in the case. (ECF No. 11.) After re-assignment of the case, the Court directed the parties to present the issues raised in their respective memoranda as early motion for judgment as a matter of law, which necessitated a summary judgment motion to present a limited number of facts not contained within the pleadings. (Minute Order, July 21, 2021.) In its motion for summary judgment, Defendant argues that Plaintiffs are, as a matter of law, exempt employees for purposes of both federal and State law. (ECF. No. 14, PageID #129.) Further, Defendant argues that it may "make deductions from exempt employees' hourly pay under the principles of public accountability." (*Id.*, PageID #130.)

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, the movant is entitled to summary judgment if the nonmoving party failed to establish "an element essential to that party's case and upon which that party will bear the burden of proof at trial." *Tokmenko v. MetroHealth Sys.*, 488 F. Supp. 3d 571, 576 (N.D. Ohio 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"The party seeking summary judgment has the initial burden of informing the court of the basis for its motion" and identifying the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing *Celotex Corp.*, 477 U.S. at 322). Then, it is up to the nonmoving party to "set forth specific facts showing there is a genuine issue for trial." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

If a genuine dispute exists, meaning "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment is inappropriate. *Tokmenko*, 488 F.Supp.3d at 576. If, however, "the evidence is merely colorable or is not significantly probative," summary judgment for the movant is proper. *Id.* And the "mere existence of some factual dispute between the parties will

4

not defeat an otherwise properly supported motion for summary judgment . . . ." *Scott v. Harris*, 550 U.S. 372, 380 (2007) *(*quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## ANALYSIS

Under the Fair Labor Standards Act, an employer must pay its employees overtime compensation of at least one and one-half times the regular rate of pay for any hours worked in excess of 40 hours per workweek. 29 U.S.C. § 207(a)(1). Some employees, however, are exempt from the overtime compensation requirements. The Act's overtime and minimum wage protections do not apply to individuals "employed in a bona fide executive, administrative, or professional capacity . . . ." *Id.* § 213(a)(1). As the Sixth Circuit explains, "to establish an overtime exemption for executive, administrative, or professional employees, an employer must satisfy three tests: a (1) duties test; (2) salary level test; and (3) salary basis test." *Acs v. Detroit Edison Co.*, 444 F.3d 763, 767 (6th Cir. 2006) (cleaned up).

Traditionally, courts "narrowly construed [exemptions] against the employers seeking to assert them." *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007) (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)). Recently, however, the Supreme Court rejected that interpretive principle. *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018). Instead, courts give the exemptions a "fair reading." *Id.* Still, the employer bears the burden of establishing that it qualifies for an exemption from the Act. *Secretary of Labor v. Timberline S., LLC*, 925 F.3d 838, 850 (6th Cir. 2019) (citing *Martin v. Indiana Mich. Power Co.*, 381

5

F.3d 574, 578 (6th Cir. 2004)). Because the Ohio statute parallels the FLSA, the Court analyzes both claims together under the same framework. *See Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 69 n.2 (6th Cir. 1997) (interpreting the FLSA and Ohio's Minimum Fair Wage Standards Act "in a unitary fashion" because the statutes parallel each other).

Plaintiffs concede that Defendant satisfied the duties test and the salary-level test. (ECF No. 15, PageID #145.) Therefore, the parties' dispute turns on the salary-basis test. If Defendant can satisfy that test, then it has an exemption from the FLSA and the parallel provisions of Ohio law.

## I. Salary-Basis Test

Under the salary basis test, an employee is considered salaried "if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). Further, "an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked." *Id.* § 541.602(a)(1).

Defendant argues that Plaintiffs meet the salary-basis test because they were guaranteed a minimum of forty hours per week at a set rate—if Plaintiffs worked their hours, they would earn the salary the exempts them from the Act. (ECF No. 14, PageID #129.) Further, Defendant argues that weeks in which Plaintiffs were paid for less than forty hours do not destroy the exemption because they resulted from

6

Plaintiffs' voluntary absences. (ECF No. 16, PageID #151.) In other words, as Defendant argues, Plaintiffs "would always meet the weekly salary-basis threshold if they were ready, willing, and able to work." (*Id.*; *see also* ECF No. 14-1, ¶ 7, PageID #135.)

In response, Plaintiffs argue that the salary-basis test requires a predetermined amount of money, not hours. (ECF No. 15, PageID #146.) Plaintiffs assert that the record does not establish that they were guaranteed a salary or the same amount of payment each week, even when they worked less than forty hours, as is required to meet the salary-basis test. (*Id.*)

At this stage of the proceedings, the record contains genuine disputes of material fact whether the compensation arrangement Defendant had with Plaintiffs constitutes a guarantee. Defendant produced an affidavit attesting that Plaintiffs were guaranteed at least $684 per week when they worked their required hours. (ECF No. 14-1, ¶¶ 17, PageID #136.) Plaintiffs countered with an affidavit that their salary was based solely on the hours they worked. (ECF No. 12, ¶¶ 21–23, PageID #95.) On a motion for summary judgment, the Court must construe the evidence in favor of the non-moving party. The parties present conflicting evidence whether Plaintiffs were paid for 40 hours a week when they worked less than that or guaranteed a qualifying minimum weekly salary.

As a matter of law, a weekly salary guarantee (and the parties' dispute on that issue) represents an important consideration in determining whether Defendant meets the salary-basis test. *Hughes v. Guld Interstate Field Servs., Inc.*, 878 F.3d

183, 190–91 (6th Cir. 2017) (highlighting the importance of 29 C.F.R. § 541.602(a) in determining an employer's exemption). "The section defining the salary basis test, § 541.602(a), itself indicates the importance of a guarantee: it provides that what the employee regularly receives each pay period must not be subject to reduction because of variations in the quality or quantity of work performed." *Id.* (cleaned up).

Additionally, the cases on which Defendant relies do not support judgment as a matter of law in its favor at this stage of the proceedings. Defendant cites *Acs*, 444 F.3d at 768, for the proposition that employers may make deductions to an employee's salary when work is available, but the employee is not ready, willing, or able to work. (ECF No. 16, PageID #151.) In that case, however, the employees were "guaranteed to receive 1/26th of their salary each biweekly pay period, provided that they input at least 40 hours into the payroll system each week." *Id.* at 767–68. Indeed, the employer in *Acs* did not reduce employees' salaries when they worked less than 40 hours; rather, "it allow[ed employees] to *report* hours in excess of the hours they *work* so that they input sufficient hours to generate their full predetermined amount each pay period." *Id.* at 768 (emphasis in original). In this way, the employees in *Acs* were guaranteed a predetermined salary.

Defendant also cites *Faludi v. U.S. Shale Solutions, LLC*, 950 F.3d 269 (5th Cir. 2020), for the proposition that the salary-basis test may be met if the employee works the hours his employer provides. In *Faludi*, the district court held that the salary basis test is met if the employee "showed up for work and performed the agreed-upon services." *Faludi v. U.S. Shale Sols., LLC*, No. H-16-3467, 2017 WL

596921, at *10 (S.D. Tex. Nov. 30, 2017). On appeal, the Fifth Circuit declined to decide the exemption issue determining instead that the plaintiff was an independent contractor. *Faludi*, 950 F.3d at 275.

## II. Public-Accountability Exception

Defendant also maintains that it is entitled to judgment as a matter of law because the public-accountability exception applies in this case. Under the public-accountability exception, public employers may reduce pay for the partial-day absence of an employee where "such employee is paid according to a pay system established by statute, ordinance or regulation, or by a policy or practice established pursuant to principles of public accountability." 29 C.F.R. § 541.710(a). In such a system, a public employer may reduce an employee's pay where the "employee chooses to use leave without pay." *Id.* § 541.710(a)(3).

This exception enables a public employer to dock the pay of a salaried employee who does not work all of her shift and does not take corresponding leave. A threshold requirement of this exception is that an "employee of a public agency . . . otherwise meets the salary basis requirements." *Id.* § 541.710(a). Because genuine disputes of material fact preclude a summary judgment that Defendant meets the salary basis requirements, the language of this regulation on its face does not permit Defendant to avail itself of the exception. *Clark v. Ohio Dep't of Rehab. & Corr.*, 10th Dist. Franklin No. 15AP-597, 2016-Ohio-718, ¶ 13.

9

### III. Learned-Professional Exemption

Finally, Defendant relies on the general rule for professional employees in 29 C.F.R. § 541.300 to argue that Plaintiffs are exempt from the Act because, as registered nurses, they are learned professionals whose work providing care requires advanced knowledge and the exercise of discretion. But this exemption also requires satisfying the salary-basis test. *See Acs*, 444 F.3d at 767.

### CONCLUSION

At this stage of the proceedings, the parties have genuine disputes of material fact that foreclose application of the salary-basis test and judgment as a matter of law for Defendant. Because Defendant is not entitled to judgment as a matter of law under the Fair Labor Standards Act, it is not entitled to judgment under the parallel provisions of Ohio's Minimum Fair Wage Standards Act either. For all the foregoing reasons, the Court **DENIES** Defendant's motion for summary judgment. (ECF No. 14.)

**SO ORDERED.**

Dated: January 27, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio